[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff James J. Zabawar appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after his arrest on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the plaintiff and remands the case for further proceedings.
An evidentiary issue is dispositive of the appeal.
At the administrative hearing in this case, the hearing officer admitted in evidence, over the objection of the plaintiff, the written report of the police officer who arrested the plaintiff, on the motor vehicle department A 44 report form. As required, the officer signed that form under penalty of false statement. The form also indicates that the officer signed it under oath, administered by an authorized person.
The hearing officer also admitted, as part of the A 44 form, a three page, typed single space, document purporting to be the police officer's report in narrative form of the incident that is the subject of this appeal. The statements in this narrative report are basically consistent with the statements in the A 44 form, although, of course, much more elaborate in detail. It is fair to say that it has an impact far more powerful and persuasive than the A 44 form alone.
This narrative document is not signed anywhere, simply referring in the text to "the writer" as the officer who arrested the plaintiff. The plaintiff vigorously objected to its introduction on the grounds that it is not signed and lacks reliability.
The defendant commissioner argues that applicable regulations of the department and the text of the A 44 form itself permit the attachment to the A 44 form of supplemental pages without the necessity of oath or signing under penalty of false statement. The commissioner argues further that the consistency of the statements in the two documents indicates their reliability and supports the conclusion of the hearing CT Page 2122 officer that the arresting police officer was the author of both.
General Statutes § 4-178 provides that "(a)ny oral or documentary evidence may be received" at the administrative hearing of a contested case, and our courts have held that this includes even hearsay evidence so long as it is reliable and probative. Cassella v. Civil Service Commission,4 Conn. App. 359, 362 (1985); aff'd 202 Conn. 28, 33 (1987). The obvious converse of this rule is that hearsay evidence that lacks reliability should not be admitted.
The document in question appears to have been produced on a computer word processor. It is not possible, therefore, to compare the handwriting of the author with that of the police officer who did sign the A 44 form. The document is written entirely in the third person. The document contains numerous statements relating what other officers and the plaintiff said to "the writer;" that is, it contains double hearsay.
But the overriding problem with the document as evidence is that it is not signed. It is not only an identity problem, although that is the most immediate flaw. "The writer" did not perform the one indispensable act to indicate that the specific document was truly his final statement of what transpired. No reader can know whether this document is the writer's final statement or merely a draft of a subsequently changed version. Unsigned, the document floats without an anchor.
The court concludes, for all of the reasons set forth above, that the document in question lacks sufficient reliability to be admitted in evidence. It follows that it was an error of law and an abuse of discretion on the part of the hearing officer to have done so. As indicated, the document is powerfully probative and adverse to the interests of the plaintiff on the issues that the hearing officer had to determine. Its admission in evidence thus prejudiced substantial rights of the plaintiff.
The plaintiff's appeal is sustained. Pursuant to General Statutes § 4-183(k), the case is remanded to the department. The hearing officer is ordered to exclude from evidence the document purporting to be the narrative report of the police officer, State's Exhibit C, and render a new decision without CT Page 2123 considering that exhibit. The court finds that there was no error in admitting the A 44 form minus the supplemental pages, however.
With respect to the new decision, the hearing officer is ordered further to state the bases for his findings of fact on the issues so as to eliminate any question as to what evidence was ultimately considered.